**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-26-00138-CR**

_____

**IN RE GUADENCIA AGUILAR MEJIA**

**Original Proceeding**
**9th District Court of Montgomery County, Texas**
**Trial Cause No. 14-04-04489-CR (Counts 1, 2, 3, 4)**

**MEMORANDUM OPINION**

In a petition for a writ of mandamus, Guadencia Aguilar Mejia asks this Court to compel the convicting court to act on motions Mejia filed with the trial court long after Mejia exhausted his appeals. We deny the petition.[1]

---

[1]In a letter dated March 30, 2026, the Clerk of the Court notified Mejia that he failed to comply with Rules 6.3, 9.4, 9.5, and 52.3 in his petition and directed Mejia to file a compliant petition by April 14, 2026. In response, Mejia asked the Court "to accept the petition I have already submitted[.]" Accordingly, we use Rule 2 to look beyond the deficiencies in Mejia's mandamus petition to reach an expeditious result. *See* Tex. R. App. P. 2 ("On a party's motion or on its own initiative an appellate court may—to expedite a decision or for other good cause—suspend a rule's operation in a particular case and order a different procedure[.]").

1

According to Mejia, the State initially charged him with sexual assault of a child and indecency with a child in Trial Cause Number 13-01-00778-CR. The State filed a motion to dismiss Trial Cause Number 13-01-00778-CR because the case had been refiled as Cause Number 14-04-04489-CR. The trial court dismissed Trial Cause Number 13-01-00778-CR on September 17, 2024. Mejia was convicted on four counts of sexual assault of a child and indecency with a child in Trial Cause Number 14-04-04489-CR. We affirmed his convictions on appeal. *See Mejia v. State*, Nos. 09-14-00419-CR, 09-14-00420-CR, 09-14-00421-CR, 09-14-00422-CR, 2016 WL 3564408, at *6 (Tex. App.—Beaumont June 29, 2016, no pet.) (mem. op., not designated for publication). Our mandate issued in 2016.

In a Motion Seeking Enforcement of Court Order Dismissing Cause No. 13-01-00778-CR dated November 14, 2023, Mejia asked the trial court to "issue an order vacating convictions and sentences in Cause No. 14-04-04489-CR granting him relief of confinement from the TDCJ-Inst. Division, with further orders to be issued to Respondent to proceed no further in the said cause numbers." In August 2024, Mejia asked the District Clerk to "have my motion placed on the Court's Docket for its review[,]" adding, "I need the Court to make an 'Official---Ruling' on said motion so that my post-conviction collateral attack against the judgment in my criminal case will no longer be [prejudiced] by this Honorable Court." A letter

2

signed by a Deputy Clerk informed Mejia that the District Clerk had filed his motions and would notify him if the trial court signs an order in his case.

In his mandamus petition, Mejia contends: (1) he is being illegally detained in the Wynne Unit of the Texas Department of Criminal Justice; (2) the convictions in Trial Cause Number 14-04-04489-CR are void because Trial Cause Number 13-01-00778-CR was not dismissed until after he was re-indicted, convicted, and sentenced in Trial Cause Number 14-04-04489-CR; (3) the judgments in Trial Cause Number 14-04-04489-CR, are void for want of jurisdiction of the re-indictment; (4) the delayed dismissal of original indictment violated Mejia's substantial rights under article 28.01 and 28.10 of the Texas Code of Criminal Procedure; (5) the State violated Mejia's right to due process by failing to give him adequate notice of the charges against him; (6) the dismissal of Cause No. 13-01-00778-CR was a final and valid judgment and the State is collaterally estopped from proceeding any further in Cause Number 13-01-00778-CR; (7) the multiple prosecutions violated the Double Jeopardy Clause because the State simultaneously had more than one charging instrument on file for the same alleged offenses; and (8) the State's failure to provide adequate notice of the charges violated the Fifth Amendment's Grand Jury Clause.

Mejia used the wrong procedural vehicle to present a collateral challenge to his convictions. After final conviction in a felony case not involving the death penalty, a claim that the judgment is void must be brought as an application for a

3

writ of habeas corpus pursuant to 11.07. *See* Tex. Code Crim. Proc. Ann. art. 11.07, § 5 ("After conviction the procedure outlined in this Act shall be exclusive and any other proceeding shall be void and of no force and effect in discharging the prisoner."). "A trial court has no 'general' jurisdiction after a conviction becomes final." *In re Tex. Dep't of Crim. Just.*, 710 S.W.3d 731, 735 (Tex. Crim. App. 2025) (orig. proceeding) (citation omitted). Because no statute authorizes the trial court to "enforce" the order dismissing Trial Court Cause Number 13-01-00778-CR by vacating the conviction in Trial Court Cause Number 14-04-04489-CR, the trial court does not have a ministerial duty to rule on Mejia's Motion Seeking Enforcement of Court Order Dismissing Cause No. 13-01-00778-CR.

Accordingly, we deny Relator's petition for writ of mandamus. *See* Tex. R. App. P. 52.8(a).

PETITION DENIED.

PER CURIAM

Submitted on May 26, 2026
Opinion Delivered May 27, 2026
Do Not Publish

Before Golemon, C.J., Johnson and Chambers, JJ.

4